# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0654, <u>State of New Hampshire v. Albert D. Lynch</u>, the court on May 3, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Albert D. Lynch, appeals his conviction, following a jury trial in the Superior Court (<u>Leonard</u>, J.), of selling a controlled drug resulting in death. <u>See</u> RSA 318-B:26, IX (Supp. 2023). He argues that: (1) the evidence was insufficient to support the death resulting charge; and (2) the court erred in finding that he implicitly waived his <u>Miranda</u> rights when he agreed to speak with police. We affirm.

The defendant first argues that the evidence was insufficient to support the death resulting charge. To prevail in his challenge to the sufficiency of the evidence, "the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, could have found the essential elements of the offense beyond a reasonable doubt." <u>State v. Cullen</u>, 175 N.H. 628, 630 (2023). "[W]here the proof involves both direct and circumstantial evidence, a sufficiency challenge must fail if the evidence, including the jury's credibility determinations, is such that a rational trier of fact could find guilt beyond a reasonable doubt, even if the evidence would support a rational conclusion other than guilt if the jury had resolved credibility issues differently." <u>State v. Saunders</u>, 164 N.H. 342, 351 (2012). When the evidence is solely circumstantial, the defendant must establish that the evidence does not exclude all reasonable conclusions except guilt. <u>State v. Folley</u>, 172 N.H. 760, 766 (2020). "The proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions other than guilt have been excluded." <u>Id</u>. at 766-67.

RSA 318-B:26, IX provides that any person who sells any controlled drug classified in schedules I or II, in violation of RSA 318-B:2, I or I-a, is strictly liable for a death which results from the injection, inhalation, or ingestion of that substance. Under the statute, the sale of a controlled substance is the cause of death when "[t]he injection, inhalation or ingestion of the substance is an antecedent but for which the death would not have occurred." RSA 318-B:26, IX(a). In addition, the death must not be "[t]oo remote in its occurrence" or "[t]oo dependent upon conduct of another person which was unrelated to the

injection, inhalation or ingestion of the substance or its effect," as to have a "just bearing on the person's liability." RSA 318-B:26, IX(b).

In this case, the defendant does not dispute that there was sufficient evidence to prove that he sold fentanyl to the victim, that the victim ingested a dose of the fentanyl that the defendant sold him, and that the victim died from an overdose of fentanyl. However, the victim also ingested a second dose of fentanyl shortly after the first one. The defendant argues that one reasonable conclusion is that the defendant did not provide the second dose, and that the second dose caused the victim's death.

RSA 318-B:26, IX(a) requires that the fentanyl the defendant sold the victim was "an antecedent but for which the death would not have occurred." There was evidence from which the jury could reasonably conclude that the first dose was "an antecedent but for which the death would not have occurred." There was also evidence from which the jury could reasonably conclude that the defendant provided the second dose to the victim. We conclude that the evidence excludes all reasonable conclusions other than guilt. See State v. Folley, 172 N.H. at 766.

The defendant's alternative conclusions that the victim's death was "[t]oo remote in its occurrence" or "too dependent upon the conduct of another person" to have a "just bearing" on the defendant's liability, are not reasonable. See id. Accordingly, we conclude that the evidence was sufficient to support the death resulting charge.

The defendant next argues that he did not impliedly waive his Miranda rights on two occasions because, although on each occasion, he was read his Miranda rights, asked if he understood those rights, and asked if, with these rights in mind, he wished to speak with the police officer, he was not asked whether he understood that, by speaking with the officer, he was waiving those rights.

"A waiver need not be express to be valid." State v. Watson, 170 N.H. 720, 725 (2018). To determine whether the defendant waived his Miranda rights, we "must ascertain whether, under the totality of the circumstances, the defendant's understanding of his rights coupled with his conduct supports the trial court's ruling that he otherwise voluntarily, knowingly, and intelligently waived his rights beyond a reasonable doubt." Id. (quotation omitted). "We will not reverse the trial court's finding on the issue of waiver unless the manifest weight of the evidence, when viewed in the light most favorable to the State, is to the contrary." Id. (brackets and quotation omitted).

In this case, the defendant on both occasions willingly agreed to talk with police after being asked to do so with the understanding of his Miranda rights in mind. Under these circumstances, we conclude that the trial court's

determination that the defendant voluntarily, knowingly, and intelligently waived his Miranda rights was not contrary to the manifest weight of the evidence.  See id.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**